## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RPA ENERGY INC., a Delaware corporation and GREEN CHOICE ENERGY, LLC, a New York limited liability company, | : <br> : <br> : CIVIL ACTION NO. 20-cv-4433 <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| GREEN CHOICE POWER LLC, a New York limited liability company, | : **JURY TRIAL REQUESTED** <br> : <br> : |
| Defendant. | : |

## COMPLAINT

Plaintiffs, RPA ENERGY INC. ("RPA") and GREEN CHOICE ENERGY, LLC ("Green Choice") by their attorneys, Stevens & Lee, P.C., say as and for their Complaint against GREEN CHOICE POWER LLC ("Power") as follows:

### Nature of the Dispute

1.     The Plaintiff RPA has built a business furnishing electricity and natural gas supply to customers in markets on the East Coast and in the Midwestern United States.

2.     Since it operates in a heavily regulated industry and in highly competitive markets, RPA has been required to heavily invest both money and

1

other resources to obtain required regulatory approvals and to establish brand recognition in the markets that it wishes to serve.

3.      Additionally, RPA adopted the trade name "Green Choice Energy" (the "Green Choice Trade Name") and the trademark "GREEN CHOICE ENERGY" (the "GREEN CHOICE TRADEMARK") to emphasize its commitment to providing "clean and green" energy to its customers and obtained regulatory approval to use the Green Choice Trade Name and the GREEN CHOICE TRADEMARK in its chosen markets.

4.      In March 2019, RPA formed Green Choice to act as a new platform to increase, yet again, its brand recognition in its selected markets for electricity and natural gas supply on the East Coast and in the Midwestern United States.

5.      RPA also adopted the trademark "BETTER ENERGY. BETTER EARTH." and has applied to register that trademark with the U.S. Patent and Trademark Office (the "Trademark Office").

6.      Impressed by the early success of Green Choice Energy, one or more competitors of RPA settled on a scheme to capitalize upon RPA's success at the expense of RPA and the soon-to-be-launched Green Choice.

7.      GREEN CHOICE POWER LLC was formed on February 13, 2020.

8.      Power immediately adopted the trademark "GREEN CHOICE POWER".

9.      On February 28, 2020, Power filed an application to register the trademark "GREEN CHOICE POWER" with the Trademark Office even though it was not yet in use.

10.     At the same time, Power established a website at www.greenchoicepower.com (the "Power Website") to encourage prospective residential and business customers to sign up for "100% Renewable Energy."

11.     Power was not and is not an energy provider and, so, prospective residential and business customers who signed up with Power were referred to existing energy providers in their markets.

12.     Upon information and belief, Power was and is compensated for such referrals.

13.     Many of the markets in which Power offered electricity and natural gas were markets where Green Choice Energy was already authorized to provide electricity and natural gas to residential and commercial customers and where those customers could easily confirm such authorization with authorities.

14.     Many of the markets in which Power offered electricity and natural gas were markets where Green Choice Energy was already offering electricity and natural gas to residential and commercial customers and where potential residential and commercial customers were familiar with the services offered by Green Choice Energy, the Green Choice Trade Name and the GREEN CHOICE TRADEMARK were well known.

3

15.     Power knew that by adopting the trade name "Green Choice Power", and the trademark "GREEN CHOICE POWER" and establishing the Power Website, it would create confusion as to the source of its services and create the impression that there was some sponsorship, affiliation or endorsement of Power by Green Choice Energy and/ or Green Choice.

16.     Far from being concerned about the effects of its unlawful scheme, Power fully intended to take advantage of such confusion to quickly build its business and profits.

17.     Power knew that by adopting the trade name "Green Choice Power", and the trademark "GREEN CHOICE POWER" and establishing the Power Website, it would damage RPA and Green Choice.

18.     Power knew that by adopting the trade name "Green Choice Power", and the trademark "GREEN CHOICE POWER" and establishing the Power Website, it would tarnish the Green Choice Trade Name and the GREEN CHOICE TRADEMARK.

19.     Learning of Power's unlawful scheme, RPA and Green Choice demanded that Power cease engaging in the foregoing deceptive and misleading practices and, specifically, abandon its use of the Green Choice Trade Name and the GREEN CHOICE TRADEMARK.  Power has refused.

20.     Power's refusal leaves RPA and Green Choice no alternative but to bring this action under the Lanham Act and certain laws of the State of New York for injunctive relief as well as for damages and attorney's fees.

### The Parties

21.     RPA is a Delaware corporation with offices at 14 Wall Street, Floor No. 2, Huntington, New York 11743.

22.     Green Choice is a New York limited liability company with offices at 14 Wall Street, Floor No. 2, Huntington, New York 11743.

23.     Power is a New York limited liability company with offices at 78 Rapelye Street, Brooklyn, New York 11231.

### Jurisdiction and Venue

24.     This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. §1338(a) and (b) (acts of Congress relating to trademarks and pendant unfair competition claims). This Court has supplemental jurisdiction to hear RPA and Green Choice's state law claims pursuant to 28 U.S.C. § 1367(a).

25.     Power is subject to this Court's personal jurisdiction in that: (i) it is a business entity with principal offices in the State of New York; and (ii) regularly conducts business within the State of New York.

26.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because, among other reasons, a substantial part of the events or omissions

5

giving rise to the claims at issue in this action occurred in this judicial district, and a substantial part of the property that is the subject of the action is situated in this judicial district.

## Factual Background

27.     RPA was formed on October 31, 2011.

28.     RPA is in the business of providing electricity and natural gas supply to residential and commercial consumers in certain markets on the East Coast and in the Midwestern United States.

29.     As of the date hereof, RPA furnishes electricity and natural gas supply in seven (7) jurisdictions: Delaware, Illinois, Ohio, Maryland, Pennsylvania, New Jersey and the District of Columbia.

30.     In 2018, RPA adopted and is the owner of the fictitious name "Green Choice Energy."

31.     RPA subsequently registered the fictitious name "Green Choice Energy" in the States of Delaware, Illinois, Maryland, New Jersey, Ohio and the Commonwealth of Pennsylvania.

32.     In certain jurisdictions, RPA must be licensed to provide electricity and supply natural gas to residential and commercial customers.

33.     On October 22, 2019, RPA was licensed to provide electricity and natural gas under the name "Green Choice Energy" to customers in the State of Delaware.

SL1 1656076v2 112519.00008

34.     On December 11, 2019, RPA was licensed to provide electricity and natural gas under the trade name "Green Choice Energy" to customers in the District of Columbia.

35.     RPA has filed and intends to file applications to provide electricity and natural gas under the name "Green Choice Energy" to residential and commercial customers in additional jurisdictions.

36.     RPA is the owner and has exclusive, common law rights in and to the Green Choice Trade Name and fictitious name "Green Choice Energy."

37.     RPA is the owner and has exclusive, common law rights in and to the "GREEN CHOICE TRADEMARK" (and any counterfeit or confusingly similar trademarks) when used to describe the supply of electricity and/or natural gas to residential and commercial customers.

38.     RPA has actively and aggressively promoted its business using the Green Choice Trade Name and fictitious name "Green Choice Energy."

39.     RPA has actively and aggressively promoted its services using the GREEN CHOICE TRADEMARK.

40.     RPA has invested substantial sums of money and other resources to promote its business and is recognized as a source of "clean and green" electricity and natural gas.

41.     RPA has invested substantial money and other resources to promote the GREEN CHOICE TRADEMARK and it is recognized by commercial and

7

residential consumers in many jurisdictions as being the source of "clean and green" electricity and natural gas.

42.     In March 2019, RPA formed Green Choice to act as a new platform to increase its brand recognition in its selected markets for electricity and natural gas supply on the East Coast and in the Midwestern United States.

43.     Defendant, Power, was formed on February 13, 2020.

44.     Defendant Power has adopted the trade name "Green Choice Power" (the "POWER TRADE NAME").

45.     Defendant Power has adopted the trademark "GREEN CHOICE POWER" (the "POWER TRADEMARK") and uses the POWER TRADEMARK in commerce.

46.     On February 28, 2020, Power filed an application to register the POWER TRADEMARK with the Trademark Office even though it was not yet in use.

47.     Power established and maintains a website at  www.greenchoice power.com  (the "Power Website").

48.     The Power Website was established to encourage prospective residential and business customers to sign up for "100% Renewable Energy."

49.     Power is not and has never been an energy provider.

8

50.     Power refers prospective residential and business customers who provide identifying information using the Power Website (or other methods) to existing energy providers.

51.     Upon information and belief, Power was and is compensated for such referrals.

52.     Power has offered and offers electricity and natural gas in markets where Green Choice Energy was already authorized to provide electricity and natural gas to residential and commercial customers.

53.      Power has offered and offers electricity and natural gas in markets where Green Choice Energy was already authorized to provide  electricity and natural gas to residential and commercial customers where those customers could confirm Green Choice Energy's authorization to offer electricity and natural gas to residential and commercial customers

54.     Power has offered and offers electricity and natural gas in markets where potential residential and commercial customers are familiar with the services offered by Green Choice Energy, the Green Choice Trade Name and the GREEN CHOICE TRADEMARK.

55.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website of the existence of RPA and that it was doing business Green Choice Energy.

9

56.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website of the services offered by Green Choice Energy.

57.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website of the jurisdictions in which Green Choice Energy offered electricity and/or natural gas.

58.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website of the jurisdictions in which Green Choice Energy was licensed to offer electricity and/or natural gas.

59.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website that RPA was recognized by both regulators and consumers as "Green Choice Energy."

60.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website that RPA had adopted and was using the Green Choice Trade Name to identify its business.

61.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website that RPA had adopted and was using the Green Choice Trade Name to identify itself as the source of "clean and green" electricity and natural gas.

62.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website that RPA had adopted and was

10

using the GREEN CHOICE TRADEMARK in commerce to identify itself as the source of "clean and green" electricity and natural gas.

63.     Upon information and belief, Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website, of the formation of Green Choice and RPA's decision to launch the newly-formed entity.

64.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website, that it would create confusion as to the source of its services in the markets where both Green Choice Energy and Green Choice Power offered electricity and/or natural gas.

65.     Power knew when it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website, that consumers might confuse Green Choice Power with Green Choice Energy and believe that they were doing business with Green Choice Energy when they were not.

66.     Power knew when it adopted the Power Trade Name" and the POWER TRADEMARK and established the Power Website, that it would create the impression that there was some sponsorship, affiliation or endorsement of Power by Green Choice Energy and/ or Green Choice.

67.     When it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website, Power was unconcerned about the effects that its actions would or might have upon Green Choice Energy.

11

68.     When it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website, Power was unconcerned about the damage that its actions would or might cause Green Choice Energy.

69.     When it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website, Power was unconcerned that it would or might tarnish the Green Choice Trade Name.

70.     When it adopted the Power Trade Name and the POWER TRADEMARK and established the Power Website, Power was unconcerned that it would or might tarnish the GREEN CHOICE TRADEMARK.

71.     RPA never gave Power its consent or permission to use the Green Choice Trade Name.

72.     RPA never gave Power its consent or permission to use the GREEN CHOICE TRADEMARK.

73.     On July 8, 2020, RPA and Green Choice demanded that Power cease engaging in the foregoing deceptive and misleading practices and, specifically, abandon its use of the trade name "Green Choice Power, LLC" and trademark "GREEN CHOICE POWER".

74.     Power has refused.

12

## CLAIMS FOR RELIEF

### COUNT ONE

#### UNFAIR COMPETITION
#### LANHAM ACT, 15 U.S.C. § 1125(A)

75.     RPA and Green Choice hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 74, inclusive, as though fully set forth herein.

76.     The GREEN CHOICE TRADEMARK, as used in connection with the marketing, offering for sale and providing of electricity and natural gas supply, is distinctive, associated with the reliability and sustainability of the services offered by RPA and has become closely associated with RPA and Green Choice through continuous, extensive and widespread use of the GREEN CHOICE TRADE-MARK.  It has acquired secondary meaning through its continuous use and promotion by RPA.

77.     The Power Trade Name and POWER TRADEMARK are used by the Power to offer similar services to the same customers to whom RPA and Green Choice sells its services.

78.     Power's use of the Power Trade Name and POWER TRADEMARK has caused and is likely to cause confusion, mistake or to deceive consumers as to an assumed affiliation, connection or association of Power and RPA and Green Choice, or to cause confusion, mistake or to deceive consumers as to the source,

13

sponsorship or approval of Power's services, thereby entitling RPA and Green Choice to relief under 15 U.S.C. § 1125(a).

79.    Power's actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of RPA and Green Choice's rights.

80.    Power's continued unlawful conduct has been and continues to be willful, entitling RPA and Green Choice to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

81.    Power's continued unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to RPA and Green Choice, its business and its reputation for which RPA and Green Choice have no adequate remedy at law.

### COUNT TWO

#### FALSE DESIGNATION OF ORIGIN
#### LANHAM ACT, 15 U.S.C. § 1125(a)

82.    RPA and Green Choice hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 81, inclusive, as though fully set forth herein.

83.    Power's use in commerce of the Power Trade Name and POWER TRADEMARK – a trade name and trademarks that are each confusingly similar to the Green Choice Trade Name and GREEN CHOICE TRADEMARK – constitutes

14

a false designation of origin by creating the appearance and impression that Power's services are those of RPA and Green Choice when, in fact, they are not.

84.     By engaging in such conduct, Power has engaged in false designation of origin and false designation of sponsorship in violation of the Lanham Act, 15 U.S.C. § 1125(a).

85.     Power's continued wrongful and unlawful actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of RPA and Green Choice's rights.

86.     Power's continued wrongful and unlawful conduct has been and continues to be willful, entitling RPA and Green Choice to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

87.     Power's continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to RPA and Green Choice, their business, their reputation and the loss of goodwill in the GREEN CHOICE TRADEMARK for which RPA and Green Choice have no adequate remedy at law.

### COUNT THREE

#### FALSE ADVERTISING
#### LANHAM ACT, 15 U.S.C. § 1125(a)

88.     RPA and Green Choice hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 87, inclusive, as though fully set forth herein.

89.     Power's use in commerce of the Power Trade Name and POWER TRADEMARK – a trade name and trademarks that are each confusingly similar to the Green Choice Trade Name and GREEN CHOICE TRADEMARK – constitutes false advertising by representing that Power's services are those of RPA and Green Choice when, in fact, they are not.

90.     By engaging in such conduct, Power has engaged in false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a).

91.     Power's continued wrongful and unlawful actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of RPA and Green Choice's rights.

92.     Power's continued wrongful and unlawful conduct has been and continues to be willful, entitling RPA and Green Choice to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

93.     Power's continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other

16

damage to RPA and Green Choice, their business, their reputation and the loss of goodwill in the GREEN CHOICE TRADEMARK for which RPA and Green Choice have no adequate remedy at law.

## COUNT FOUR

### UNLAWFUL DILUTION
### NY GEN. BUS. LAW § 360-L

94.    RPA and Green Choice hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 93, inclusive, as though fully set forth herein.

95.    By engaging in the aforementioned conduct, Power has violated the New York anti-dilution statute codified at NY Gen. Bus. Law § 360-l in that it has injured the business reputation of RPA and Green Choice and diluted the distinctive quality of their services and blurred the distinctiveness of RPA's and Green Choice's trade name, trademarks and business reputation.

96.    Power's continued wrongful and unlawful conduct has been and continues to be willful.

97.    Power's continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to RPA and Green Choice, their business and their reputation.

## COUNT FIVE

## UNLAWFUL DECEPTIVE ACTS AND PRACTICES

## NY GEN. BUS. LAW § 349

98.    RPA and Green Choice hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 97, inclusive, as though fully set forth herein.

99.    By engaging in the aforementioned conduct, Power has violated the New York Unlawful Deceptive Acts and Practices Law codified at NY Gen. Bus. Law § 349 in that it has attempted to mislead and has misled customers and prospective customers of RPA and Green Choice in a material way as to the source and provider of services, thereby injuring RPA and Green Choice.

100.   Power's continued wrongful and unlawful conduct has been and continues to be willful, entitling RPA and Green Choice to recover its damages and reasonable attorney's fees.

101.   Power's continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to RPA and Green Choice, their business and their reputation.

18

## COUNT SIX

### False Advertising
### NY Gen. Bus. Law § 350

102.   RPA and Green Choice hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 101, inclusive, as though fully set forth herein.

103.   By engaging in the aforementioned conduct, Power has violated the New York Unlawful False Advertising Law codified at NY Gen. Bus. Law § 350 in that they have disseminated materially false and misleading advertising which has misled the public as to the source and provider of services, thereby injuring RPA and Green Choice.

104.   Power's continued wrongful and unlawful conduct has been and continues to be willful, entitling RPA and Green Choice to recover its damages and reasonable attorney's fees.

105.   Power's continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to RPA and Green Choice, their business and their reputation.

### COUNT SEVEN

### UNFAIR COMPETITION UNDER NEW YORK LAW

106.    RPA and Green Choice hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 105, inclusive, as though fully set forth herein.

107.    By engaging in the aforementioned conduct, including, but not limited to, the use of the Power Trade Name and POWER TRADEMARK, Power has unlawfully and unfairly competed with RPA and Green Choice under New York law.

108.    Power's continued wrongful and unlawful conduct has been and continues to be willful, entitling RPA and Green Choice to recover its damages, including punitive damages.

109.    Power's continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to RPA and Green Choice, their business and their reputation.

## COUNT EIGHT

### UNLAWFUL USE OF NAME WITH INTENT TO DECEIVE

110.    RPA and Green Choice hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 109, inclusive, as though fully set forth herein.

111.    Power has used the name "Green Choice" and the Power Website to deceive and mislead the public in violation of the laws of the State of New York and to the detriment and damage of RPA and Green Choice.

20

112.   In so doing, Power has intended that intended that the public would believe that they were dealing with RPA and Green Choice.

113.   Power's continued wrongful and unlawful conduct has been and continues to be willful, entitling RPA and Green Choice to recover its damages, including punitive damages.

114.   Power's continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to RPA and Green Choice, their business and their reputation.

## COUNT NINE

### UNJUST ENRICHMENT

115.   RPA and Green Choice hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 114, inclusive, as though fully set forth herein.

116.   By engaging in the aforementioned conduct, the Power has been and will be unjustly enriched at the expense of RPA and Green Choice.

117.   Power's continued wrongful and unlawful conduct has been and continues to be willful, entitling RPA and Green Choice to damages including exemplary and punitive damages.

118.   Power's continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other

21

damage to RPA and Green Choice, their business and their reputation for which RPA and Green Choice have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, RPA and Green Choice pray that the Court grant it the following relief:

A.    An award of damages to RPA and Green Choice, including compensatory, special, exemplary, punitive, statutory and trebled damages (as appropriate to the cause of action) against Power and other responsible persons; and/or

B.    An award of Power's profits as provided in 15 U.S. C. § 1117(a); and/or

C.    An award of equitable damages as provided in 15 U.S. C. § 1117(a); and/or

D.    A preliminary and permanent injunction restraining Power, together with its officers, employees, agents, successors and assigns, and all others acting for, by, or in concert with any of them, from adopting, using or displaying any trade name or trademark that is confusingly similar with the Green Choice Trademark and/or GREEN CHOICE TRADEMARK, including, but not limited to, the Power Trade Name and POWER TRADEMARK; and/or

22

E.      An Order requiring Power to account to RPA and Green Choice for its profits resulting from its unlawful conduct; and/or

F.      An Order requiring Power to destroy all electronic and written materials bearing or incorporating any of the Power Trade Name and POWER TRADEMARK; and/or

G.      An award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and/or

H.      Such other relief as the Court deems just and equitable under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated:  September 21, 2020          STEVENS & LEE, P.C.


By: _s/ *Elliott J. Stein*_____
       Elliott J. Stein

100 Princeton Pike, Suite 200
Lawrenceville, NJ 08648
(609) 987-7050
ejs@stevenslee.com

*Attorneys for Plaintiff, RPA Energy Inc.
and Green Choice Energy, LLC*

23